UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICKY LAWRENCE SANDUSKY,

       Plaintiff,

v.                                                                    Case No. 1:19-cv-967

                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his application for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on November 9, 2015, alleging that his disability began on that date.   PageID.42. This was plaintiff's second application; he had previously filed an application for DIB in 2013, which was denied in an Administrative Law Judge's (ALJ's) decision on October 5, 2015.  *Id*.   Plaintiff identified his disabling conditions as: panic disorder with agoraphobia; major depressive disorder; generalized anxiety disorder; and impaired intellectual functioning. PageID.296.  Prior to applying for DIB, plaintiff completed the 12th grade and had past employment as a polishing machine operator.  PageID.52-53, 297.  An ALJ reviewed plaintiff's application de novo and entered a written decision denying benefits on December 31, 2018.  PageID.42-54.  This decision, which was later approved by the Appeals

1

Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.      LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 9, 2015, through his date last insured of December 31, 2016.

PageID.44.  At the second step, the ALJ found that through the date last insured, plaintiff had severe impairments of an anxiety disorder, panic disorder without agoraphobia, and depression. *Id*.  At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.45.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he must have no interaction with the public. He may have only occasional interaction with supervisors and co-workers. He is able to understand, remember, and perform simple tasks. He is able to make simple work-related decisions and adapt to routine changes in the workplace.

PageID.47.

The ALJ also found that through the date last insured, plaintiff was capable of performing his past relevant work as a polishing machine operator, as generally performed and as actually performed by him.  PageID.52.  This work did not require the performance of work-related activities precluded by the plaintiff's residual functional capacity (RFC).  *Id*.  Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from November 9, 2015 (the alleged onset date) through December 31, 2016 (the date last insured). PageID.53.

## III.    DISCUSSION

Plaintiff raised two statements of errors.

**A.    The ALJ committed reversible error by failing to give a fresh look to Plaintiff's new application for benefits and by failing to find that Plaintiff's impairments had not significantly worsened since the previous ALJ decision.**

Plaintiff contends that the ALJ failed to comply with the requirements of *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018) because the ALJ began step four with the premise that that she was bound by the October 5, 2015 RFC. In this regard, the ALJ stated that,

> The prior finding concerning the claimant's residual functional capacity or other finding required under the applicable sequential evaluation process for determining disability *is binding absent evidence of an improvement or change in condition since the prior hearing* (Acquiescence Ruling 98-4(6)).

PageID.48 (emphasis added). The referenced Acquiescence Ruling (AR) 98-4(6) addressed the Sixth Circuit's decision in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and provides in pertinent part,

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators <u>must adopt</u> such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-6(4) (footnotes omitted) (emphasis added).

The ALJ reviewed plaintiff's medical history relevant to his present claim (*i.e.*, November 9, 2015 through December 31, 2016). PageID.44, 48-49. Then, the ALJ stated that,

> I have considered this matter in accordance with Acquiescence Ruling 98-4(6). The claimant filed a prior application and was found not disabled pursuant to an Administrative Law Judge decision issued on October 5, 2015 (Ex. B1A). In the prior decision, I found the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he must have no interaction with the public. He may have only occasional interaction with supervisors and co-workers. He is able to understand, remember, and perform simple tasks. He is able to make simple work-related decisions and adapt to routine changes in the workplace (Ex. Bl A/10). Although the claimant presented new evidence concerning his impairments, that evidence is not material in that the limitations necessary to accommodate the claimant's impairments need not be changed. Therefore, I have adopted the residual functional capacity articulated in the prior decision from October 5, 2015.

PageID.49.

In *Earley*, 893 F.3d 929, the Sixth Circuit reversed the decision of an ALJ who gave

an overly expansive construction to *Drummond*:

> [The claimant] Earley applied for benefits in 2010. In 2012, Judge Redmond
> marched through the five-step analysis, found her capable of light work, and
> decided she was not disabled because a sufficient number of light-work jobs were
> available to her.
>
> In 2012, Earley filed a new application for benefits, seeking benefits for a
> new period, namely from May 16, 2012 forward. Judge Redmond reviewed her
> case again. Instead of asking whether the evidence supported Earley's new
> application, Judge Redmond thought he was precluded by the first ruling. In his
> view, he was "bound by the findings of [the] previous Administrative Law Judge"
> because Sixth Circuit case law gave those findings "preclusive effect." A.R. at 22.
>
> That is not how it works. An individual may file a second application—for
> a new period of time—for all manner of reasons and obtain independent review of
> it so long as the claimant presents evidence of a change in condition or satisfies a
> new regulatory threshold.

*Earley*, 893 F.3d at 932.  In this regard, the court recognized that,

> [A]n applicant remains free to bring a second application that introduces no new
> evidence or very little new evidence after a failed application. But she should not
> have high expectations about success if the second filing mimics the first one and
> the individual has not reached any new age (or other) threshold to obtain benefits.
> What's past likely will be precedent in that setting—as indeed it should be in a
> system designed to apply the law consistently to similarly situated individuals.

*Id*. at 933-34.  In addition, the court observed that,

> Fresh review is not blind review. A later administrative law judge may consider
> what an earlier judge did if for no other reason than to strive for consistent decision
> making.

*Id*. at 934.

The question for the Court is whether the ALJ provided an "independent" or "fresh"

review of plaintiff's claim.  Based on the record, the Court concludes that the ALJ did not.  Here,

the ALJ stated that she was bound to adopt plaintiff's RFC as determined on October 5, 2015

"absent evidence of an improvement or change in condition since the prior hearing."  PageID.48.

Ultimately, the ALJ adopted the RFC established on October 5, 2015.  PageID.49.   Contrary to

*Earley*, the ALJ did not take an independent or fresh review of plaintiff's new claim based upon

his medical condition commencing on November 9, 2015, and then consider the previous RFC "to

strive for consistent decision making", *See Earley*, 893 F.3d at 933-34.   Accordingly, plaintiff's

requested relief will be granted.   This matter will be reversed and remanded pursuant to sentence

four of 42 U.S.C. § 405(g).   On remand, the Commissioner should re-evaluate plaintiff's RFC

during the relevant time period.

> **B.     The ALJ committed reversible error by failing to follow
> the applicable treating physician rule.**

Plaintiff contends that the ALJ failed to properly evaluate the opinions of his

treating psychologist, Eric Sauer, Ph.D., and treating psychiatrist, Denise Gribbin, M.D., both of

whom were unanimous in their opinions that plaintiff could not perform substantial gainful

activity.[1]  Under the treating physician rule,[2] a treating physician's medical opinions and diagnoses

are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d

762, 773 (6th Cir. 2001). Under the regulations, a treating source's opinion on the nature and

severity of a claimant's impairment must be given controlling weight if the Commissioner finds

that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic

techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case

record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20

C.F.R. § 404.1527(c)(2).   Finally, the ALJ must articulate good reasons for not crediting the

---

[1]The Court notes that plaintiff's argument refers to the "treating psychologist" and "treating psychiatrist" mentioned in the statement of facts.  Plaintiff's Brief (ECF No. 13, PageID.634).

[2] Because plaintiff filed his claim before March 27, 2017, the "treating physician rule" applies to the ALJ's decision. *See* 20 C.F.R. § 404.1527.

opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

### 1. Dr. Sauer

The ALJ addressed Dr. Sauer's opinion as follows:

> The opinions of the claimant's therapist, Eric Sauer, Ph.D., are given partial weight, but not great or controlling weight. Between October 13, 2015, and October 25, 2016, Dr. Sauer articulated several opinions concerning the claimant's functional impairments (Ex. B3F and B6F). Dr. Sauer opined that the claimant had functional impairments concerning finances, family, interpersonal relationships, and physical health (*Id*.). In June 2018, Dr. Sauer also completed a medical source statement indicating that the claimant's limitations existed since June 2013 (Ex. B12F). He specifically opined that the claimant had extreme limitations in the following areas of functioning: relating to co-workers; dealing with the public; interacting with supervisors; dealing with work stresses; maintaining attention and/or concentration; behaving in an emotionally stable manner; working in coordination with or proximity to others without being distracted by them; getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; and completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods (*Id*.). Furthermore, Dr. Sauer opined that the claimant had marked limitations in maintaining social functioning (*Id*.). Moreover, Dr. Sauer opined that the claimant had moderate limitations in performing activities of daily living; maintaining concentration, persistence, or pace; and performing activities within a schedule, maintaining regular attendance, and being punctual within customary allowances (*Id*.). Lastly, Dr. Sauer documented that the claimant had either no limitations or mild limitations regarding simple job instructions (*Id*.).

> Dr. Sauer's opinions merit partial weight because the moderate limitations in concentration, persistence, and maintenance of pace along with mild limitations in performing simple tasks were supported by the claimant's intelligence test results (Ex. B1F/4) and mental status examination findings (Ex. B3F/1-2, 4-12, and 14-18). However, Dr. Sauer's opinions are given less weight because many of the opinions provided were vague. For instance, the opinions consisted largely of check marks without an accompanying explanation of why the claimant experienced a functional limitation in a particular area. The examiner also did not articulate the extent of the functional impairment alleged in Exhibits B3F and B6F. In addition, Dr. Sauer's opinions are given less weight due to inconsistencies with the record and internal inconsistencies. For instance, the social limitations given were inconsistent with the prior decision and the medical evidence of record.

> Furthermore, Dr. Sauer simultaneously opined that the claimant had extreme limitations in attention and concentration but also only moderate limitations in maintaining concentration, persistence, or pace, which are inconsistent statements. Dr. Sauer simultaneously opined that the claimant had extreme limitations in completing a normal workday without interruptions from psychological symptoms but also opined that the claimant had only moderate limitations in performing activities within a schedule and extreme limitations on dealing with the public, which is again, inconsistent. Therefore, Dr. Sauer's opinions are given partial weight but not controlling or great weight.

PageID.51-52.  The Court concludes that the ALJ gave good reasons for assigning partial weight to Dr. Sauer's opinions.  Accordingly, this claim of error is denied.

### 2.    Dr. Gribbin

The ALJ addressed Dr. Gribbin's opinion as follows:

> The opinions of psychological consultants, Denise Gribbin, M.D., and Susanne Boyd, P.A., are given little weight. On October 31, 2016, and November 2, 2016, Dr. Gribbin and Ms. Boyd completed a medical source statement on behalf of the claimant (Ex. B4F). They opined that the claimant had extreme limitations in the following areas of functioning: dealing with the public; dealing with work stresses; behaving in an emotionally stable manner; relating predictably in social situations; working in coordination with or proximity to others without being distracted by them; and being able to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (*Id*. at 1-2). Furthermore, they opined that the claimant had marked limitations in the following areas of functioning: relating to co-workers; interacting with supervisors; following detailed instructions; getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; maintaining social functioning; and maintaining concentration, persistence, or pace (*Id*.). In addition, they opined that the claimant had moderate limitations maintaining attention and/or concentration (*Id*. at 1). Finally, they opined that the claimant had either no limitation or a mild limitation in the following areas of functioning: functioning independently; following simple job instructions; and performing activities of daily living (*Id*. at 1-2).

> Their opinions are given little weight as they are inconsistent with the record and are internally inconsistent. I note Dr. Gribbin stated that she did not evaluate the claimant but rather discussed the claimant's condition with Ms. Boyd (*Id*. at 3). Ms. Boyd was not an acceptable medical source. The opinions provided were internally inconsistent. For instance, they simultaneously opined that the claimant had moderate limitations maintaining attention and/or concentration and extreme limitations in the ability to complete a normal workday and workweek without

interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (*Id*. at 1-2). Furthermore, they also simultaneously opined that the claimant had marked limitations maintaining concentration, persistence, or pace (*Id*. at 2).

In addition, the opinions provided were inconsistent with the medical evidence of record. For example, during the period in question, the claimant's mental status examinations produced predominantly stable findings (Ex. B3F/1-2, 4-12, and 14-15). In fact, on several occasions during the relevant time period, the claimant demonstrated improvement in mental health (*Id*. at 13 and 16-18). Therefore, the opinions of Dr. Gribbin and Ms. Boyd are given little weight.

PageID.51.

As an initial matter, the ALJ referred to Dr. Gribbin as a "psychological consultant" rather than a treating psychiatrist.  However, despite this designation, the ALJ evaluated Dr. Gribbin as a treating physician and referred to the medical evidence of record.  On balance, it appears that the ALJ gave good reasons for assigning little weight to the doctor's opinion. Accordingly, plaintiff's claim of error will be denied.

## IV.   CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate plaintiff's RFC during the relevant time period.  A judgment consistent with this opinion will be issued forthwith.

Dated: March 16, 2021                        /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge